UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

TONY POWELL,

        Defendant.

_____/

Case No. 10-20169

Hon. Nancy G. Edmunds

## ORDER DENYING DEFENDANT'S MOTION FOR SEVERANCE [26]

This matter comes before the Court on Defendant's motion for severance, pursuant to Federal Rules of Criminal Procedure 14. [Docket Text # 26.] For the reasons set forth below, Defendant's motion is DENIED.

Rule 14 of the Federal Rules of Criminal Procedure governs whether counts or defendants should be severed for trial. It provides that if the defendant or the government is prejudiced by joinder of offenses or of defendants, the court may order separate trials of counts, grant a severance of defendants, or provide whatever relief justice requires. The court may order the government to produce for in camera inspection any statements or confessions made by the defendants which the government intends to introduce at trial. Fed. R. Crim. P. 14. There is, however, a preference in for joint trials of defendants. *United States v. Cobleigh*, 75 F.3d 242 (6th Cir. 1996). The jury is presumed to be capable of sorting out the evidence. *Id.* If there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants or would prevent the jury from making a reliable

judgment, the court should grant a severance. It is the defendant's burden to produce a "strong showing of factually specific and compelling prejudice" that will mislead or confuse a jury. *Id.* If the defendant is able to show some potential jury confusion, "such confusion must be balanced against society's interest in speedy and efficient trials." *Id.*

> A defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against him. ... The presentation of evidence applicable to more than one defendant is simply a fact of life in multiple defendant cases.

*United States v. Causey*, 834 F.2d 1277, 1288 (6th Cir. 1987); *see also United States v. Mays*, 69 F.3d 116, 119-20 (6th Cir. 1995).

Defendant seeks severance of his trial from his co-defendant and seeks to sever the two drug-related charges from the felon-in-possession charge. The Court finds that the three counts and the two co-defendants in the Indictment were properly joined together in one prosecution.

> With respect to his motion to sever the charges, [Defendant's] motion fails because the drugs and gun charges were all "part of a common scheme or plan" and "based on the same act or transaction," thus permitting their joinder in a single indictment under Rule 8(a). With respect to his motion to sever his trial from his codefendant, Defendant and his co-defendant "participated in the same act or transaction constituting the offenses," which makes joinder appropriate. Defendant['s] request for severance, with respect to both the charges and his co-defendant, is devoid of any specific showing of undue prejudice, and thus falls well short of satisfying Defendant's burden under Rule 14(a) to justify severance.

(Pl.'s Resp. at 1.)

The Court having reviewed the pleadings in this matter, being fully advised in the premises, for the reasons set forth on the record and finding the arguments in the government's brief well-founded, hereby DENIES Defendant's motion.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 26, 2010

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 26, 2010, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager